Norman E. WYMBS and Ann R. Cassady, Plaintiffs-Appellees,

v.

REPUBLICAN STATE EXECUTIVE COMMITTEE OF FLORIDA, Defendant-Appellant.

No. 80–5590.

United States Court of Appeals, Fifth Circuit.* Unit B

Oct. 5, 1981.

McFarlain, Bobo, Sternstein, Wiley & Cassedy, Richard C. McFarlain, Tallahassee, Fla., Benton Becker, Coral Gables, Fla., for defendant-appellant.

Roberts, Miller, Baggett, LaFace, Richard & Wiser, Barry Richard, Tallahassee, Fla., for plaintiffs-appellees.

Before KRAVITCH and HENDERSON, Circuit Judges, and THOMAS **, District Judge.

PER CURIAM:

The appellees, Norman E. Wymbs and Ann R. Cassady, are registered Republicans residing in Palm Beach, Florida and members of the Republican State Executive Committee of Florida (hereinafter referred to as "the Committee"). They filed this action against the Committee on January 31, 1980 in the United States District Court for the Northern District of Florida. Count I of the complaint challenged on equal protection grounds the constitutionality of the method followed in determining the composition of the Committee. Count II consisted of a similar challenge to State Party Rule 11(4)(b), which provides the procedures for selecting and allocating the Florida delegates to the Republican National Convention.

The Committee first sought dismissal of the action, but the motion was denied on March 19, 1980. Thereafter, the parties filed cross motions for summary judgment. The district court ruled in favor of the Committee on Count I and granted the appellees' motion for summary judgment on Count II. In an order dated July 1, 1980, the court enjoined the Committee from implementing Rule 11(4)(b), but suspended the imposition of the injunction until after the adjournment of the 1980 Republican National Convention. A motion for reconsideration was subsequently granted with respect to Count I and the ultimate resolution of that count remains in the district court. Hence, the Committee appeals only from the final judgment which was entered on Count II and certified pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. We vacate and remand for further consideration.

Rule 11(4)(b), which was enacted by the Committee in conformance with National Party Rule 30A(2), essentially provides for the election of three delegates and three alternative delegates from each of Florida's fifteen congressional districts.[1] Pursuant to State Party Rule 11(2), these delegates are allocated on a "winner-take-all" basis within each district. Since the number of registered Republicans varies significantly from one congressional district to another, the appellees maintain that the practice of awarding an equal number of delegates to the winning candidate in each district on a winner-take-all basis amounts to a denial of equal protection to those voters residing in districts with large Republican populations. The district court, after first confronting

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

** Judge of the Southern District of Alabama, sitting by designation.

1. In addition to this number, six delegates at large are selected by the Committee's executive board.

substantial questions of justiciability and state action, agreed. The court found controlling the "one man, one vote" standard enunciated in *Gray v. Sanders*, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963), a decision in which the Supreme Court struck down the county unit system employed in Georgia's Democratic primary elections of state and federal officials. The district court specifically noted that *Gray* did not decide the applicability of the one man, one vote principle to the convention, as opposed to primary, system of nominating candidates. Nevertheless, it reasoned that *Gray* and the present case are not logically distinguishable because each delegate is bound by Florida law to support at the national convention the candidate receiving the largest number of votes in his respective congressional district. *See Fla.Stat.* § 103.101.

Subsequent to the filing of the briefs in this appeal, but prior to oral argument, the Supreme Court handed down its decision in *Democratic Party of the United States v. LaFollette*, 450 U.S. 107, 101 S.Ct. 1010, 67 L.Ed.2d 82 (1981). Although the controversy in *LaFollette* was not of the one man, one vote variety, we believe the Court's decision therein respecting the constitutional rights and protections afforded to political parties is of potential significance here and that it deserves careful scrutiny and argument by the parties to this case. There, the Democratic National Party indicated that it would not seat at its 1980 convention the delegates selected in accordance with Wisconsin's "open" primary law. The national party rules provided that only Democratic voters who declared and publicly recorded their party preference could participate in the delegate selection process. The Court held that Wisconsin could not constitutionally compel the national party to seat a delegation chosen contrary to these rules. Although the factual context and issues presented in *LaFollette* do not precisely coincide with those here, the Court

used broad language to the effect that "[a] political party's choice among the various ways of determining the makeup of a state's delegation to the party's national convention is protected by the Constitution." 67 L.Ed.2d at 96. In conjunction with this remark, it cited in a footnote the case of *Ripon Society, Inc. v. National Republican Party*, 525 F.2d 567 (D.C. Cir. 1975) (en banc), *cert. denied*, 424 U.S. 933, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976), where the District of Columbia Circuit Court of Appeals upheld the national party rule on which Rule 11(4)(b) is based.

We note that the district court did instruct the parties to comment on *LaFollette*'s possible impact on the issues contained in Count I, which is still pending before it. Under these circumstances, we believe the appropriate course is to vacate the judgment and remand Count II so that it may be reconsidered also. We further note that the Committee has represented to this court that the national party's rule concerning the binding nature of delegates' vote obligations was amended at the 1980 Republican National Convention.[2] On remand, the parties may assert and preserve for the record evidence of intervening events of this sort which they deem pertinent to the ultimate resolution of the case.

VACATED and REMANDED.

---

2. As previously mentioned, the binding nature of the primary vote seems to have played a substantial part in the district court's decision.

A question still remains, of course, as to the result of the interaction between the new party rule and state law.